1  PAUL E. STEPHAN (SBN 075081)
   EMILIE E. DE LA MOTTE (SBN 233557)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA 94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendant
   LENNOX INDUSTRIES, INC.
6
                        E-filing
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                

11 AMCO INSURANCE COMPANY A/S/O          CASE NO.
   NATION'S FOODSERVICE, INC.,
12                                       NOTICE OF REMOVAL OF ACTION UNDER
              Plaintiff,                 28 U.S.C. §1441(b)
13                                       (DIVERSITY)
         v.
14
   LENNOX INDUSTRIES, INC.;
15 HONEYWELL; THE IDEAL COMPANY;
   and DOES 1 to 1000,
16
              Defendants.
17

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that defendant LENNOX INDUSTRIES, INC.

20 ("Lennox") hereby removes to this Court the state court action

21 described below.

22      1.   On August 2, 2007 an action was commenced in the

23 Superior Court of the State of California in and for the County

24 of Contra Costa, entitled *AMCO Insurance Company A/S/O Nation's*

25 *Foodservice, Inc. v. Lennox Industries, Inc.; Honeywell; The*

26 *Ideal Company; and Does 1 to 1000*, as Case No. C 07-01670.  A

27 copy of the complaint is attached hereto as Exhibit "A."

28      2.   The first date upon which Lennox received a copy of the

                              1

Selman Breitman LLP
ATTORNEYS AT LAW

1  complaint was August 27, 2007, 2007 when Lennox was served via

2  certified mail with a copy of the complaint and a summons from

3  the state court.  A copy of the summons is attached hereto as

4  Exhibit "B."

5      3.  This action is a civil action of which this Court has

6  original jurisdiction under 28 U.S.C. §1332, and is one which may

7  be removed to this Court by defendant(s) pursuant to the

8  provisions of 28 U.S.C. §1441(b) in that it is a civil action

9  between citizens of different states and the matter in

10 controversy allegedly exceeds the sum of $75,000, exclusive of

11 interest and costs.

12     4.  Here, plaintiff alleges and seeks recovery for

13 $158,925.81 which represents moneys paid by plaintiff to their

14 insured, Nation's Foodservice, Inc., for an alleged fire which

15 plaintiff claims was caused in whole or in part by defendants'

16 allegedly defective products.

17     5.  Lennox is informed and believes that plaintiff was, and

18 still is, a citizen of the State of California.  Lennox was, at

19 the time of the filing of this action, and still is, a

20 corporation incorporated under the laws of the state of Iowa,

21 having its principal place of business in the state of Texas.

22     6.  Plaintiff has also filed suit against co-defendants

23 HONEYWELL and THE IDEAL COMPANY.  Plaintiff admits in its

24 complaints that "[d]efendants reside, and at all times herein

25 mentioned has [sic] resided outside of California[.]"  Exhibit A

26 at p. 2, ¶ 5.  Therefore, there is complete diversity on the face

27 of the pleadings, which warrants removal of this matter to this

28 Court, based on diversity jurisdiction, pursuant to 28 U.S.C.

Selman Breitman LLP
ATTORNEYS AT LAW

137466.1  524.23883

§1441(b).

7.    Lennox is informed and believes that, as of September 7, 2007, plaintiff has not served co-defendants HONEYWELL and THE IDEAL COMPANY.  As of September 7, 2007, plaintiff has not filed a Proof of Service as to co-defendants with state court.

DATED: September 7, 2007   SELMAN BREITMAN LLP

By: _____
        PAUL E. STEPHAN
        EMILIE E. DE LA MOTTE
      Attorneys for Defendant
      LENNOX INDUSTRIES, INC.

Selman Breitman LLP
ATTORNEYS AT LAW

137466.1  524.23883

**EXHIBIT A**

1  PETER ROBERT STONE, State Bar No. 160048
   Attorney & Counselor at Law
2  *A Professional Corporation*
   JANUSZ SEREMAK, State Bar No. 161505
3  4811 Chippendale Drive, Suite 204
   P.O. Box 41199
4  Sacramento, CA 95841
   Telephone (916) 348-5600
5
   Attorney for Plaintiff
6  **AMCO INSURANCE COMPANY A/S/O NATION'S FOODSERVICE, INC.**

7

8

   **FILED**

   2007 AUG -2 P 1:20

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 IN AND FOR THE COUNTY OF CONTRA COSTA

11

   AMCO INSURANCE COMPANY A/S/O          CASE NO.: C 07-01670
12 NATION'S FOODSERVICE, INC.,
                                         COMPLAINT OF PLAINTIFF
13         Plaintiffs,                   NATIONWIDE MUTUAL INSURANCE
                                         COMPANY FOR DAMAGES
14 vs.                                   SUBROGATION; BREACH OF
                                         CONTRACT, WARRANTY;
15 LENNOX INDUSTRIES, INC.,
   HONEYWELL; THE IDEAL COMPANY;         UNLIMITED CIVIL
16 AND DOES 1 TO 1000,
                                         PER LOCAL RULE 5 THIS
17         Defendants,                   CASE IS ASSIGNED TO
                                         DEPT _____
18

19

20        Plaintiff alleges:

21        1.     Plaintiff AMCO INSURANCE COMPANY is, and at all times herein mentioned was,

22 a corporation duly licensed to transact, and transacting business in this state as a liability insurer,

23 Defendants LENNOX INDUSTRIES, INC., HONEYWELL; THE IDEAL COMPANY; AND DOES

24 1 TO 1000, is an out of state company, the injuries occurred in Contra Costa County.

25        2.     Nation's Foodservice, Inc. herein after "the insured" is and at all times herein

26 mentioned was, located in California.

27    COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT;
                   BREACH OF WARRANTY; STRICT LIABILITY
28                                      -1-

3. At all times herein mentioned, the insured was insured by plaintiff under an insurance policy by the terms of which plaintiff was obligated to indemnify the insured against loss or damage to his premises.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 1000, inclusive, and therefore amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages to plaintiff's insured as herein alleged.

5. Defendants reside, and at all times herein mentioned has resided outside of California and the incident and damages occurred inside California.

6. Defendants LENNOX INTERNATIONAL, INC., HONEYWELL; THE IDEAL COMPANY and DOES 1 TO 1000 are located out side of California. Defendants and each of them negligently designed, constructed, failed to warn, maintained, sold, cleaned, managed, repaired, inspected, rented, leased, the equipment which caused injury and damage by failure of the product, failure to warn, defective design and a design which the consumer would have expected would have been injury and damage free, and such negligence and failure to property warn, design were the proximate cause of losses to plaintiff and their insured. On or about February 11, 2007 a fire occurred at Nations Foodservice, Inc. The cause of the fire was the HVAC system manufactured by defendants and each of them and DOES 1 to 1000. The cause of the fire is alleged to be the failure of an electric motor in the HVAC system which was manufactured by defendants and each of them and placed into the stream of commerce in California.

First Cause of Action

SUBROGATION

COUNT ONE

(All defendants)

COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT;
BREACH OF WARRANTY; STRICT LIABILITY
-2-

7. Plaintiff incorporates all paragraphs above.

8. As a proximate result of the breach of contract, breach of warranty, errors and omissions, products completed operations, failure to warn, failure to provide proper installation instructions, failure property design and faulty workmanship, negligent supervision and negligence of defendants and each of them, and DOES 1 to 1000, the damages were suffered by insured and AMCO INSURANCE COMPANY.

9. The cost of repairing, re-mediating and replacing the damaged property due to the breach of contract, breach of warranty, negligence, product liability, failure to warn, and defective design, the faulty workmanship of defendants and each of them and expenses reasonably related thereto is currently $158,925.81 plus costs, plus pre-judgment interest and attorneys fees for torts of another and any amounts subsequently paid.

10. On or about February 11, 2007 the insured's suffered a fire loss due to the defective HVAC unit. Defendants and each of them and DOES 1 TO 1000 were responsible for failure to warn, train, calibrate, cleaning, maintaining, selling, installing, supervising, instructing, recalling, managing the HVAC unit manufactured by defendants.

Second Cause of Action

SUBROGATION BASED UPON BREACH OF WARRANTY

(Against All Defendants)

11. Plaintiff incorporates all paragraphs above.

12. Defendants LENNOX INDUSTRIES, INC., HONEYWELL; THE IDEAL COMPANY and DOES 1 TO 1000 sold, leased, maintained, designed, manufactured, and failed to recall or failed to notify insured of recall, and is therefore liable for the injuries and damages as herein alleged.

13. The defendants and DOES 1 to 1000 and each of them constructed, manufactured and installed HVAC units and all of its components which proximately caused the damages to plaintiff

COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT; BREACH OF WARRANTY; STRICT LIABILITY
-3-

herein.

14.    Defendants and each of them and DOES 1 to 1000 stated they would calibrate, manage, service, install, manage, maintain, supervise, manufacture a machine which would be safe in use as intended.

15.    Insured relied on the warranty and believed in good faith that the defendants and each of them would provide work which was of merchantable quality.

16.    Defendants and each of them breached the warranty in that the fan failed and caused property damage.

17.    As a proximate result of defendants actions and breach of warranty, plaintiff suffered damages in the sums prayed and for any future costs paid by plaintiff, in that plaintiff was required and did pay for repair, reconstruction, and remediation of said personal property.

18.    Plaintiff attempted to give written notice of the breach of warranty to defendants and each of them a reasonable time after plaintiff discovered the breach and before the filing of this complaint.

Third Cause of Action

SUBROGATION BASED UPON NEGLIGENCE

(Against All Defendants)

19.    Plaintiff incorporates all paragraphs above.

20.    The defendants and each of them had duties to the plaintiff's insured, and had contracts whether oral or written with plaintiff's insured, including but not limited to service orders, work orders, bids and proposals, invoices and statements. The defendants and each of them put into the stream of commerce a product which was defective and caused injuries and damages as herein alleged. The implicit terms of these work orders, services orders, invoices, bids, proposals and other documentation specifically or implicitly provided that defendants and DOES 1 TO 1000 and each of them would provide safe machine which would not start a fire.  Plaintiff is informed and believes and on that basis alleges that the defendants failed to do so negligently breaching their duty to insured,

COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT;
BREACH OF WARRANTY; STRICT LIABILITY
-4-

21.     During and as part of his/her/its performance of the contract and its duties, defendants negligently designed, repaired, constructed, operated, managed and maintained said water heater so as to cause injuries and damages as herein alleged and as to be proven at trial of this matter.

22.     Defendants knew or should have known that their acts, and the acts of the designers, constructors, contractors, sub-contractors, repairers, inspectors, manufacturers under their supervision were negligent and a violation of the safety standards of the industry, and that the water heater should have been recalled, or was recalled and not proper notice was given to the insured.

23.     As a proximate result of the negligence of defendants, and each of them, plaintiff and suffered damage in an amount to be proven at trial of this matter but no less than the amount prayed plus pre judgment interest, attorneys fees and costs and any future amount paid.

Fourth Cause of Action

SUBROGATION BASED UPON BREACH OF CONTRACT

(Against All Defendants)

24.     Plaintiff re-alleges and incorporates into this cause of action by reference all paragraphs above.

25.     Plaintiff is informed and believes and thereon alleges that all the contracts, work orders, service orders, invoices, bids and proposals, implicitly stated that defendants and each of them would safely and in a workmanlike manner manufacture, distribute, calibrate, service, rent, operate, maintain, install, the HVAC unit.

26.     Plaintiff alleges that defendants and each of them and DOES 1 TO 1000 and each of them, created acts or omissions constituting unsafe calibration, service, installation, maintenance, manufacture, testing, inspection, and recalling all of which constituted a material breach of the contract and or lease and which was the proximate cause of the damages to plaintiffs herein.

27.     Plaintiff has demanded in writing that defendant repay plaintiff for all work performed by plaintiff and amounts paid by plaintiff.

COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT;
BREACH OF WARRANTY; STRICT LIABILITY
-5-

28.    By reason of defendant's breach of the contract, plaintiff has been damaged in the sum of at least the amount prayed, said amount to be amended prior to or at trial should further amounts be paid.

29.    Should any of the contracts, or leases regarding this matter or construction have a clause awarding reasonable attorney fees and costs in favor of the prevailing party or the insured, then plaintiff shall also be entitled to attorneys fees and costs on this matter.

## FIFTH CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

### (All defendants)

30.    Plaintiff incorporates all paragraphs above.

31.    As a proximate result of the breach of contract, breach of warranty, errors and omissions, products completed operations, failure to warn, failure to provide proper installation instructions, failure to properly install, failure property design and faulty workmanship, negligent supervision and negligence of defendants and each of them, and DOES 1 TO 1000, the damages were suffered by insured and plaintiff.

32.    The cost of repairing, re-mediating and replacing the damaged property due to the breach of contract, breach of warranty, negligence, product liability, failure to warn, and defective design, the faulty workmanship of defendants and each of them and expenses reasonably related thereto is currently $158,925.81; plus any amount paid in the future plus costs, plus pre-judgment interest and attorneys fees for torts of another.

33.    On or about February 11, 2007 the insured was damaged when the HVAC system ignited and caused fire and water damages.

34.    Defendants and each of them are strictly liable for product liability for failure to property design, failure to properly warn, and failure to properly manufacture and failure to meet the expectations of the consumer.

///

COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT; BREACH OF WARRANTY; STRICT LIABILITY
-6-

1    35.   As a proximately results of the product liability plaintiff was damaged in the amounts

2  prayed.

3

4    WHEREFORE PLAINTIFF PRAYS:

5    1.   For judgment in the sum of $158,925.81 plus any expenditures made subsequent to

6         and in addition to that amount;

7    2.   For costs of suit herein;

8    3.   For reasonable attorneys fees;

9    4.   For prejudgment interest;

10   5.   For such other and further relief as the court may deem just and proper.

11

12

13   DATED: JULY 31, 2007                    PETER ROBERT STONE
                                             *ATTORNEY AND COUNSELOR AT LAW*
14                                           A Professional Corporation

15                                           By: _____
16                                           PETER ROBERT STONE

17

18

19

20

21

22

23

24

25

26

27      COMPLAINT OF PLAINTIFF FOR DAMAGES SUBROGATION PROPERTY; BREACH OF CONTRACT;
                        BREACH OF WARRANTY; STRICT LIABILITY
28                                      -7-

SUPERIOR COURT OF MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

AMCO VS LENNOX

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC07-01670

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 12/20/07        DEPT:  16        TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited CIVIL
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

      a.  an order establishing a discovery schedule
      b.  an order referring the case to arbitration
      c.  an order transferring the case to limited jurisdiction
      d.  an order dismissing fictitious defendants
      e.  an order scheduling exchange of expert witness information
      f.  an order setting subsequent conference and the trial date
      g.  an order consolidating cases
      h.  an order severing trial of cross-complaints or bifurcating
          issues
      i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

                                        C. Green
Dated:  08/02/07        _____
                          CATHRYN GREEN, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS
## IN <u>UNLIMITED JURISDICTION</u> CIVIL ACTIONS

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants
   e. <u>Blank</u>: Case Management Conference Statement (Judicial Council form CM-110)
   f. <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days
   g. Alternative Dispute Resolution (ADR) Information sheet

2. **Within 60 days of the date you filed the complaint you must prove that the forms have been legally delivered to the defendants** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on The Notice of Case Management Conference.**

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All Parties must answer questions about ADR on the *Case Management Conference Statement* form. For more information, see the enclosed ADR information sheet, visit www.contracostacourts.org/adr or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions (*except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture*[1]) and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 201.7 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CONTRACOSTACOURTS.ORG)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-655a/Rev 4/18/07

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                                    Plaintiff(s)
              vs.

_____

_____
                                    Defendant(s)

**_Stipulation and Order_ to Attend ADR and Delay First Case Management Conference 90 Days**

Case No.:_____ Date complaint filed: _____ First case management conference set for: _____

> ▸ ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
>
> ▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE. FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
>
> ▸ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑ one]:

☐ Judicial mediation        ☐ Judicial arbitration        ☐ Neutral case evaluation

☐ Private mediation         ☐ Private arbitration

**COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:**

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____ | _____        _____ | _____
Counsel for Plaintiff *(print)*     Fax          Counsel for Defendant *(print)*     Fax

_____                          _____
Signature                                        Signature

_____ | _____        _____ | _____
Counsel for Plaintiff *(print)*     Fax          Counsel for Defendant *(print)*

_____                          _____
Signature                                        Signature

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for:_____ is vacated and rescheduled for:_____ at (8:30 a.m. /_____) Plaintiff's counsel must notify all parties of the case management conference.
>
> Dated: _____          _____
>                                    *Judge of the Superior Court*

CV-655b/Rev. 1/2/07                              Local Court Rule, Rule 5 (b)(1)(a)(3)

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
PETER ROBERT STONE, SBN: 160608
JANUSZ SEREMAK, SBN: 161505
4811 CHIPPENDALE DRIVE, SUITE 204
P.O. BOX 41199
SACRAMENTO, CA 95841
TELEPHONE NO.: 916-348-5600   FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: AMCO INSURANCE COMPANY

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 COURT STREET
MAILING ADDRESS: P.O. BOX 911
CITY AND ZIP CODE: MARTINEZ, CA 94553
BRANCH NAME: MARTINEZ

PLAINTIFF/PETITIONER: AMCO INSURANCE COMPANY A/S/O NATION'S
FOODSERVICE, INC.

DEFENDANT/RESPONDENT: LENNOX INDUSTRIES, INC., HONEYWELL;
THE IDEAL COMPANY;  AND DOES 1 TO 1000

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: C07-01670 |
| --- | --- |

TO *(insert name of party being served)*: <u>LENNOX INDUSTRIES, INC.</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 08/21/2007

JASON ANDRESS
(TYPE OR PRINT NAME)               ▶               (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE TO PLAINTIFFS IN UNLIMITED JURISDICTION CIVIL ACTIONS, STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS

*(To be completed by recipient):*
Date this form is signed:

                                                    ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10

*Legal Solutions Plus*

08/29/2007 WED 08:15 [TX/RX NO 8329] 014

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):

PETER ROBERT STONE, SBN: 16   8
JANUSZ SEREMAK, SBN: 161505
4811 CHIPPENDALE DRIVE, SUITE 204
P.O. BOX 41199
SACRAMENTO, CA 95841
TELEPHONE NO.: 916-348-5600      FAX NO. (Optional):
E-mail ADDRESS (Optional):
ATTORNEY FOR (Name): AMCO INSURANCE COMPANY

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 COURT STREET
MAILING ADDRESS: P.O. BOX 911
CITY AND ZIP CODE: MARTINEZ, CA 94553
BRANCH NAME: MARTINEZ

PLAINTIFF/PETITIONER: AMCO INSURANCE COMPANY A/S/O NATION'S FOODSERVICE, INC.

DEFENDANT/RESPONDENT: LENNOX INDUSTRIES, INC., HONEYWELL; THE IDEAL COMPANY;  AND DOES 1 TO 1000

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: C07-01670 |

TO (insert name of party being served): LENNOX INDUSTRIES, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 08/21/2007

JASON ANDRESS
(TYPE OR PRINT NAME)                    ▶        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify):  NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE TO PLAINTIFFS IN UNLIMITED JURISDICTION CIVIL ACTIONS, STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS

(To be completed by recipient):
Date this form is signed:

_____        ▶        _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005) | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Legal
Solutions
Plus

TOTAL P.15

08/29/2007 WED 06:15  [TX/RX NO 9349] @015

**EXHIBIT B**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LENNOX INDUSTRIES, INC., HONEYWELL; THE IDEAL
COMPANY; AND DOES 1 TO 1000

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 AUG -2 P 1:24

CLERK OF THE
COUNTY OF CONTRA COSTA, CA.

By: C. Green, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMCO INSURANCE COMPANY A/S/O NATION'S FOODSERVICE,
INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**CASE NUMBER:**
*(Número del Caso):*
C 0 7 - 0 1 6 7 0

The name and address of the court is:
*(El nombre y dirección de la corte es):*
CONTRA COSTA SUPERIOR COURT
725 COURT STREET
P.O. BOX 911
MARTINEZ, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PEDER ROBERT STONE, SBN: 160048          916-348-5600
JANUSZ SEBEMAK, SBN: 161505
1810 CHIPPENDALE DRIVE, SUITE 204
SACRAMENTO, CA 95841

DATE:   AUG 02 2007          CLERK OF THE          Clerk, by                        , Deputy
*(Fecha)*                    SUPERIOR COURT         *(Secretario)*    C. Green      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

**PROOF OF SERVICE**

*Amco Insurance Company a/s/o Nation's Food Service, Inc v. Lennox Industries, Inc.;*
*Honeywell; The Ideal Company; and Does 1 to 1000*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On September 7, 2007, I served the following document(s) described as  on the interested parties in this action as follows:  **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT; CERTIFICATE OF SERVICE; NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b); CIVIL COVER SHEET** by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Peter Robert Stone, Esq.                        Attorney for Plaintiff
Janusz Seremak, Esq.                            AMCO Insurance Company
4811 Chippendale Drive, Ste. 204                Telephone:  (916) 348-5600
Sacramento, CA 95841

Contra Costa County Superior Court
649 Main Street
Martinez, CA 94553

X        **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐        **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to for delivery to the addressee(s).

☐        **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐        **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐        **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 7, 2007, at San Francisco, California.

Teresa J. Smith

137610.1  524.23883