PAUL E. STEPHAN (SBN 075081),
pstephan@selmanbreitman.com
EMILIE E. DE LA MOTTE (SBN 233557),
edelamotte@selmanbreitman.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendant
LENNOX INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO INSURANCE COMPANY A/S/O NATION'S FOODSERVICE, INC.,<br><br>    Plaintiff,<br><br>V.<br><br>LENNOX INDUSTRIES, INC.; HONEYWELL; THE IDEAL COMPANY; AND DOES 1 TO 1000,<br><br>    Defendant. | CASE NO.  3:07-cv-4639<br><br>(Case removed from Contra Costa County Superior Court, Case No. MSC 07-01670)<br><br>**DEFENDANT LENNOX INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed : Aug. 2, 2007<br>Trial Date      : none set |

Defendant LENNOX INDUSTRIES, INC. ("LENNOX"), severing itself from all other parties, for itself alone, answers the Complaint of Plaintiff AMCO INSURANCE COMPANY A/S/O NATION'S FOODSERVICE, INC. on file herein as follows:

    1.   LENNOX denies each and every allegation of Plaintiff's Complaint, except those allegations specifically admitted, qualified or otherwise answered herein.

    2.   In response to paragraph 1, Defendant LENNOX admits that LENNOX is an out of state company. In response to the remaining allegations of paragraph 1, LENNOX is without

1

**DEFENDANT LENNOX INDUSTRIES INC.'S ANSWER**

sufficient information to admit or deny the allegations contained therein.

3. In response to Paragraph 2, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

4. In response to Paragraph 3, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

5. In response to Paragraph 4, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

6. In response to Paragraph 5, Defendant LENNOX admits that defendant LENNOX resides outside of California, but is without sufficient information to admit or deny the remaining allegations contained therein.

7. In response to Paragraph 6, Defendant LENNOX admits that defendant LENNOX resides outside of California, but denies the remaining allegations contained therein.

8. In response to Paragraph 7, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

9. In response to Paragraph 8, Defendant LENNOX denies the allegation contained therein.

10. In response to Paragraph 9, Defendant LENNOX denies the allegation contained therein.

11. In response to Paragraph 10, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

12. In response to Paragraph 11, Defendant LENNOX denies the allegation contained therein.

13. In response to Paragraph 12, Defendant LENNOX denies the remaining allegation contained therein.

14. In response to Paragraph 13, Defendant LENNOX admits it is in the business of manufacturing and installing residential and commercial air conditioning and heating systems, but denies the remaining allegation contained therein.

15. In response to Paragraph 14, Defendant LENNOX admits that it is in the business of manufacturing and installing residential and commercial air conditioning and heating systems, but is without sufficient information to admit or deny the allegations contained therein.

16. In response to Paragraph 15, Defendant LENNOX is without sufficient information to admit or deny the allegations contained therein.

17. In response to Paragraph 16, Defendant LENNOX denies the allegation contained therein.

18. In response to Paragraph 17, Defendant LENNOX denies the allegation contained therein.

19. In response to Paragraph 18, Defendant LENNOX admits that it has received notice by Plaintiff of its claim of breach of warranty, but is without sufficient information to admit or deny the remaining allegation contained therein.

20. In response to Paragraph 19, Defendant LENNOX is without sufficient information to admit or deny the allegations contained therein.

21. In response to Paragraph 20, Defendant LENNOX admits it

is in the business of manufacturing and installing residential and commercial air conditioning and heating systems, but denies the remaining allegation contained therein.

22. In response to Paragraph 21, Defendant LENNOX denies the allegation contained therein.

23. In response to Paragraph 22, Defendant LENNOX denies the allegation contained therein.

24. In response to Paragraph 23, Defendant LENNOX denies the allegation contained therein.

25. In response to Paragraph 24, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

26. In response to Paragraph 25, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

27. In response to paragraph 26, Defendant LENNOX denies the allegation contained therein.

28. In response to Paragraph 27, Defendant LENNOX admits that Plaintiff has demanded that LENNOX repay Plaintiff.

29. In response to Paragraph 28, Defendant LENNOX denies the allegation contained therein.

30. In response to Paragraph 29, Defendant LENNOX denies the allegation contained therein.

31. In response to Paragraph 30, Defendant LENNOX is without sufficient information to admit or deny the allegation contained therein.

32. In response to Paragraph 31, Defendant LENNOX is without sufficient information to admit or deny the allegation

contained therein.

33. In response to Paragraph 32, Defendant LENNOX is without sufficient information to admit or denies the allegation contained therein.

34. In response to Paragraph 33, Defendant LENNOX denies the allegation contained therein.

35. In response to Paragraph 34, Defendant LENNOX denies the allegation contained therein.

36. In response to Paragraph 35, Defendant LENNOX denies the allegation contained therein.

## FIRST SEPARATE OR AFFIRMATIVE DEFENSE

Failure to State a Claim.

The Complaint and each and every purported cause of action therein, fails to state sufficient facts to state a cause of action for which relief can be granted against this answering defendant.

## SECOND SEPARATE OR AFFIRMATIVE DEFENSE

Statute of Limitations.

The causes of action set forth in the Complaint is barred by the provisions of California Code of Civil Procedure sections §335.1; 338(a); 338(b); 338(d); 338(h); 337.1(a)(1); 337.1(a)(2); 337.1(b); 337.15(a)(1); 337.15(a)(2); 337.15(g); 339(1); 339(3); 340(1); 340(3); 359 and all other applicable provisions of the Code of Civil Procedure of the State of California.

## THIRD SEPARATE OR AFFIRMATIVE DEFENSE

Failure to Mitigate.

Plaintiff, or Plaintiff's insured, though under a duty to do

so, has failed and neglected to mitigate its alleged damages and, therefore, it cannot recover against this answering defendant, whether as alleged, or otherwise.

### FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

Contribution.

The damages suffered by Plaintiff, if any, were the direct and proximate results of the negligence of parties, persons, corporations and/or entities other than this answering defendant, and that the liability of this answering defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering defendant.

### FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

Contributory Negligence.

That at all times mentioned herein, Plaintiff, or Plaintiff's insured, was negligent, careless, reckless and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. Said negligence bars either completely or partially the recovery sought by Plaintiff.

### SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

Estoppel.

That Plaintiff engaged in conduct and activities with respect to the subject of this Complaint by reason of said activities and conduct, and is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant LENNOX.

///
///

**SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Waiver.

That Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

**EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE**

Intervening Superseding Causes.

That the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus, barring Plaintiff from any recovery against this answering Defendant, LENNOX.

**NINTH SEPARATE OR AFFIRMATIVE DEFENSE**

Assumption of the Risk.

That Plaintiff, or Plaintiff's insured, expressly, voluntarily and knowingly assumed all risks which it complained of in it Complaint and, therefore, it is barred either totally or to the extent of said assumption from any damages.

**TENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Active and Primary Liability.

That Plaintiff's conduct, or Plaintiff's insured's conduct, as alleged in the principal action, and as described in the Complaint, was such that any and all liability based thereon was active and primary in nature so as to preclude any recovery sought in the Complaint.

///

**ELEVENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Laches.

Plaintiff's claims are barred because it waited an unreasonable period of time before asserting such claims under the doctrine of laches.

**TWELFTH SEPARATE OR AFFIRMATIVE DEFENSE**

Unclean Hands.

Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

**THIRTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Costs.

That the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this answering Defendant LENNOX. Plaintiff should therefore be responsible for all LENNOX's necessary and reasonable defense costs, as more particularly set forth in California Code of Civil Procedure section 1038.

**FOURTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Conduct Was Justified.

The conduct of this answering Defendant LENNOX in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendant LENNOX herein.

**FIFTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Complete Performance.

This answering Defendant LENNOX has appropriately, completely and fully performed and discharged any and all

obligations and legal duties arising out of the matters alleged in the Complaint.

### SIXTEENTH SEPARATE OR AFFIRMATIVE DEFENSE
#### Good Faith.

That this answering defendant is excused from any and all liability under the facts alleged in the Complaint because at all material times, this answering Defendant, LENNOX, acted in good faith and conducted all material transactions in good faith.

### SEVENTEENTH SEPARATE OR AFFIRMATIVE DEFENSE
#### Comparative Fault of Third Parties.

That the accident and the injuries, if any, allegedly suffered by Plaintiff were proximately caused and contributed to by the negligence of third parties (not this answering defendant) and that said third parties failed to exercise reasonable care at and prior to the time of said damages, and by reason thereof, any recovery by Plaintiff against this answering defendant must be reduced by an amount equal to the proportionate fault of said third parties.

### EIGHTEENTH SEPARATE OR AFFIRMATIVE DEFENSE
#### Consent.

Plaintiff, or Plaintiff's insured, with actual knowledge of the particular danger, and with knowledge and understanding of the degree of risk involved in the activities surrounding the accident as alleged Plaintiff's Complaint, thereafter consented to participate in the activities as alleged in its Complaint.

### NINETEENTH SEPARATE OR AFFIRMATIVE DEFENSE
#### Product Used in an Abnormal Manner.

That Plaintiff's damages, if any, proximately resulted from

the use of the product in question in an unintended and abnormal manner, not from any defect or mechanical failure of, or failure to service properly, said product or any of its components.

**TWENTIETH SEPARATE OR AFFIRMATIVE DEFENSE**

Failure of Consideration.

At all times there was, has been and continues to be a material failure of consideration on the part of Plaintiff herein, as a consequence of which failure this answering defendant's duty of performance has been discharged.

**TWENTY-FIRST SEPARATE OR AFFIRMATIVE DEFENSE**

Lack of Equity.

As between this answering defendant and Plaintiff the equities do not preponderate in favor of PLAINTIFF so as to allow recovery based on equitable indemnity.

**TWENTY-SECOND SEPARATE OR AFFIRMATIVE DEFENSE**

Act of God.

That any and all injuries, losses or damages, if any, were the direct and proximate result of an unavoidable incident or condition and, as such, were an act of God, without fault or liability on the part of this answering defendant.

**TWENTY-THIRD SEPARATE OR AFFIRMATIVE DEFENSE**

Misuse or Modification of Product.

That if there was any defect in the product referred to in the Complaint at the time said product left the possession of this answering Defendant, LENNOX, those alleged defects had no impact on Plaintiff's alleged injuries, if any, and that Plaintiff's damages, if any, were caused by the misuse, abuse, changes, modifications, improper maintenance, and alterations of

others, including Plaintiff's predecessors herein.

### TWENTY-FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

No Breach of Warranties.

This answering Defendant, LENNOX, did not breach any warranties, express or implied, and that no warranties, express or implied, arose in the instant situation. Warranties arise only in connection with the sale of a product, not in connection with the performance or a service.

### TWENTY-FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

Waiver.

That following the performance and services of this answering Defendant, LENNOX, other parties and Plaintiff, Plaintiff's insured, Plaintiff's predecessors, and its agents inspected and approved the condition of the subject property and work performed by this answering defendant and that Plaintiff Plaintiff's insured, Plaintiff's predecessors, and their agents agreed and approved that the subject property and work was satisfactory, thereby waiving any further claim for damages as alleged in the Complaint.

### TWENTY-SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

Standard of Care.

That at no time prior to the filing of this action did Plaintiff or any agent, representative or employee(s) thereof, notify this answering defendant of any breach of any contract, warranty or duty to Plaintiff or its predecessors. By reason of said failure to notify, Plaintiff is barred from any alleged right of recovery from this answering defendant. Furthermore, this answering defendant alleges that Plaintiff is barred and

precluded from any recovery in this action because this answering defendant at all times complied with the applicable standard of care required at the time and location where the services were rendered.

### TWENTY-SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Failure to Notify.

That if there is any defects or inadequacies in the work performed by this answering defendant which this answering defendant denies, Plaintiff failed to timely notify this answering defendant of such conditions and failed to give this answering defendant timely opportunity to cure such conditions. This conduct by Plaintiff bars it from any relief from this answering defendant herein.

### TWENTY-EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE

Attorney Fees.

This answering defendant has employed the law firm of Selman Breitman LLP to represent them in this action and have incurred, and will incur, further reasonable attorneys' fees and costs in connection with said representation. As a result of the acts and omissions alleged, and pursuant to provisions of California Civil Code section 1717 and California Code of Civil Procedure section 1021.6, Plaintiff, all other parties and their insurers is liable to reimburse this answering defendant for all reasonable fees and costs incurred.

### TWENTY-NINTH SEPARATE OR AFFIRMATIVE DEFENSE

Failure to Minimize Damages.

Plaintiff, or Plaintiff's insured, failed to mitigate or minimize damages, if any, in that Plaintiff, or Plaintiff's

137776.1  524.23883
DEFENDANT LENNOX INDUSTRIES INC.'S ANSWER

insured, failed to properly control, construct, inspect or otherwise maintain the subject property, and otherwise failed to take adequate measures to minimize Plaintiff's damages, expenditures and extra costs, if any were incurred.

### THIRTIETH SEPARATE OR AFFIRMATIVE DEFENSE

Uniform Commercial Code.

The Complaint is barred by California Uniform Commercial Code Sections 1201 (25)(c); 2601, 2602 (10), 2513(1) and (3), 2510(1), 2605(1)(1) and (b), 2601(1)(a) and (b), 2607, 2715(2)(a) and 2719 (3).

### THIRTY-FIRST SEPARATE OR AFFIRMATIVE DEFENSE

Prior Knowledge.

That Plaintiff, or Plaintiff's insured, knew or should have known prior to any alleged injuries or damages, if any, of the condition of the property as alleged in the Complaint and that Plaintiff, or Plaintiff's insured, failed to take reasonable measures to protect Plaintiff's, or Plaintiff's insured's, property or business. As a result, Plaintiff's claims, and each of them, are barred.

### THIRTY-SECOND SEPARATE OR AFFIRMATIVE DEFENSE

Exclusion of Warranties and Guarantees.

That any warranties or guarantees, expressed, implied or apparent, made by this answering defendant were excluded orally, in writing, by course of dealing, by course of performance, by usage of trade, or were limited to exclude the relief now requested by Plaintiff.

///
///

**THIRTY-THIRD SEPARATE OR AFFIRMATIVE DEFENSE**

Refusal to Allow Cure.

That Plaintiff has refused to allow this answering defendant, or otherwise prevented this answering defendant reasonable opportunities to cure any alleged defects or deficiencies in the subject property. Therefore, Plaintiff is estopped and barred from any claim predicted upon the failure to cure or remedy the alleged defects or deficiencies, if any.

**THIRTY-FOURTH SEPARATE OR AFFIRMATIVE DEFENSE**

Waiver By Satisfaction.

That following the service and performance of this answering defendant, Plaintiff, or Plaintiff's insured, inspected and approved the condition of the subject property and agreed that said property was satisfactory, thereby knowingly waiving any further claims for damages, as alleged in the Complaint.

**THIRTY-FIFTH SEPARATE OR AFFIRMATIVE DEFENSE**

Accord and Satisfaction.

That Plaintiff and this answering defendant reached an accord and satisfaction on Plaintiff's claims herein, and by reason thereof, Plaintiff's claims are barred.

**THIRTY-SIXTH SEPARATE OR AFFIRMATIVE DEFENSE**

Lack of Notice.

If a dangerous condition existed, as alleged in PLAINTIFF'S Complaint, which this answering defendant denies, this answering defendant had no actual or constructive notice of the allegedly dangerous condition, which did not exist for a sufficient time to have been noticed and/or remedied by or on behalf of this answering defendant.

**THIRTY-SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Several Liability for Non-Economic Damages.

The right of Plaintiff to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering defendant pursuant to section 1431.2 of the California Civil Code.

**THIRTY-EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE**

Failure to properly plead a claim for expert costs.

Plaintiff is barred from recovery for expert costs as Plaintiff has failed to properly plead any basis for such a claim and has failed to identify such costs in a manner sufficient to put Defendant on notice about such claims.

**THIRTY-NINTH SEPARATE OR AFFIRMATIVE DEFENSE**

Reservation.

Defendant LENNOX presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available. LENNOX reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

**DEMAND FOR JURY TRIAL**

Defendant LENNOX demands a trial by jury.

**WHEREFORE**, this answering defendant prays:

1. Plaintiff take nothing by way of its Complaint;

2. This answering defendant be awarded costs of suit and attorney's fees, including expert fees, incurred herein;

3. If liability is assessed upon this answering defendant,

Case 3:07-cv-04639-EMC   Document 4   Filed 09/13/2007   Page 16 of 17

the liability attributed to this defendant be limited in direct proportion to the percentage of fault actually attributable to this defendant; and

    4.    For such other further relief as the court deems just and proper.

DATED: September 12, 2007    SELMAN BREITMAN LLP

By: *[signature]*
PAUL E. STEPHAN (SBN 075081)
EMILIE E. DE LA MOTTE (SBN 233557)
Attorneys for Defendant
LENNOX INDUSTRIES, INC.

16

DEFENDANT LENNOX INDUSTRIES INC.'S ANSWER

# PROOF OF SERVICE BY ELECTRONIC SUBMISSION

*AMCO Insurance Company A/S/O Nations' Foodservice, Inc. v. Lennox Industries, Inc.; Honey well; the Ideal Company, et al.*
United States District Court – Northern District – San Francisco Division
Case No. 3:07-CV-4639
Defendant Lennox Industries, Inc.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On September 13, 2007, I electronically served the following document(s) via e-File described as:

**Defendant Lennox Industries, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint; Demand for Jury Trial**

on the recipients designated on the Transaction Receipt located on the United States District Court e-File website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 13, 2007, at San Francisco, California.

Teresa J. Smith